IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

APRIL CLARK,

        **Plaintiff,**

v.

        Civil Action 2:23-cv-4205
        Chief Judge Algenon L. Marbley
        Magistrate Judge Kimberly A. Jolson

LITTLER MENDELSON PC, et al.,

        **Defendants.**

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, April Clark, an Ohio resident who is proceeding *pro se*, brings this action against Defendants Littler Mendelson PC, Richard DeAgazzo, Alex Frondorf, and Bonnie Kristan. This matter is before the Undersigned for consideration of Plaintiff's Motion to Leave to Proceed *in forma pauperis* (Doc. 1) and the initial screen of Plaintiff's Complaint (Doc. 1-1) under 28 U.S.C. § 1915(e)(2). Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs have been prepaid. 28 U.S.C. § 1915(a). Having performed an initial screen, the Undersigned **RECOMMENDS** that Plaintiff's Complaint (Doc. 1-1) be **DISMISSED**.

**I.**      **STANDARD**

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "A claim is frivolous if it lacks 'an arguable basis either in law or in fact.'" *Flores v. U.S. Atty. Gen.*, No. 2:14-CV-84, 2014 WL 358460, at *2 (S.D. Ohio Jan. 31, 2014) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). In reviewing a complaint, the Court must construe it in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it

contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). And although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), litigants are not relieved of the duty to develop claims with an appropriate degree of specificity." *Kafele v. Lerner, Sampson, Rothfuss, L.P.A.*, 161 F. App'x 487, 491 (6th Cir. 2005). The complaint must include more than "labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action . . . ." *Id.* The role of the court is not to "conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (internal quotation marks and citations omitted). In sum, "[b]asic pleading essentials" are still required. *Wells v. Brown*, 891 F. 2d 591, 594 (6th Cir. 1989).

## II.  DISCUSSION

Plaintiff names Richard DeAgazzo, Alex Frondorf, Bonnie Kristan, and Littler Mendelson PC as Defendants in this action. (Doc. 1-1 at 2). Plaintiff's Complaint seems to center around a state court action in the Franklin County Court of Common Pleas. (Doc. 1-1 at 3 (referencing the case and providing a case number)). In that case, the Franklin County court found on summary judgment that Plaintiff was not entitled to $15,028 of a settlement award due to a contingency fee agreement with her former attorney. *See* Order, *Aetna Resources LLC v. April Clark, et al.*, No. 22CV007866 (Franklin Cty. Ct. C.P. Oct. 27, 2023). Plaintiff says the settlement was for a Title VII employment discrimination case. (Doc. 1-1 at 3). Her present Complaint alleges that the law firm Littler Mendelson PC and Defendants DeAgazzo, Frondorf, and Kristan "conspired to commit grand theft of Plaintiff [sic] property in the amount of $15,028." (*Id.*). Plaintiff requests $2.5

million from each defendant. (*Id.* at 4). In her complaint, Plaintiff lists Defendants Frondorf and Kristan as Ohio residents and Defendants DeAgazzo and Littler Mendelson PC as New Jersey residents. (*Id.* at 2).

Plaintiff cites various statutes and causes of action as the bases for her claims. The Undersigned addresses each in turn.

### A. Claims Brought Under Criminal Statutes

Plaintiff first seeks to sue Plaintiffs under various criminal statutes, including 18 U.S.C. § 644, 18 U.S.C. § 371, and 18 U.S.C. § 242. (Doc. 1-2). She also names various crimes, such as grand theft, conspiracy to commit fraud, embezzlement, and theft. (*Id.*). But as a private citizen, Plaintiff cannot sue under criminal statutes. *See Kelly v. City of New Phila.*, No. 5:11-cv-474, 2011 WL 3705151, at *2–3 (N.D. Ohio Aug. 22, 2011) (quoting *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003)). "Where a plaintiff has no private right of action, a plaintiff has not stated a claim upon which relief can be granted." *Flood v. Reed*, No. 2:16-cv-778, 2017 WL 1021364, at *3–4 (S.D. Ohio Mar. 16, 2017) (citing *Kafele v. Frank & Woolridge Co.*, 108 F. App'x. 307, 308–09 (6th Cir. 2004)). Accordingly, any claims brought under criminal statutes should be **DISMISSED.**

### B. Title VI and Section 1983

Plaintiff next brings claims against all Defendants under Title VI and 28 U.S.C. § 1983. (Doc. 1-2). Title VI of the Civil Rights Act of 1964 states: "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." But Plaintiff has not alleged that any of Defendants' actions were taken because of her race. *Douglas v. Kazlaukas*, No. 4:10-cv-140-M, 2011 WL 462971, at *2 (W.D.

Ky. Feb. 2, 2011) (finding a plaintiff failed to state a claim under Title VI where he did not allege the defendant's actions were taken because of his race); *Lee Testing & Eng'g, Inc. v. Ohio Dep't of Transp.*, 855 F. Supp.2d 722, 728 (S.D. Ohio Feb. 29, 2012) (stating that Plaintiff failed to allege any actions based on racial discrimination and declining to "infer the *possibility* of race discrimination") (emphasis in original). More still, only programs that benefit from federal financial assistance are subject to Title VI's regulations. *Douglas*, 2011 WL 462971, at *3 (citing *Grove City Coll. v. Bell*, 465 U.S. 555 (1984) (superseded in part by the Civil Rights Restoration Act of 1987, Pub.L. No. 100–259, 102 Stat. 28 (1988)); *David K. v. Lane*, 839 F.2d 1265, 1275–76 (7th Cir. 1988)). Plaintiff has not pled any allegations that Defendants receive federal funding. Accordingly, because Plaintiff does not allege Defendants' actions were taken because of her race or that they received federal funds, her allegations fail to state a claim under Title VI.

Turning to Plaintiff's references to 28 U.S.C. § 1983, claims brought under Section 1983 require state action, but Defendants are private entities and individuals. Because Plaintiff alleges conduct by private actors only, her Section 1983 claims also fail. *See Gueye v. U.C. Health*, No. 1:13-cv-673, 2014 WL 1783594, at *2 (S.D. Ohio May 5, 2014); *see also Heilman v. Michigan*, No. 1:14-cv-14747, 2015 WL 13741696, at *6 (E.D. Mich. Feb. 26, 2015) (finding that, without more facts alleged, a private law firm is not a state actor for the purposes of Section 1983).

As such, the Undersigned recommends that Plaintiff's Title VI and Section 1983 claims be **DISMISSED**.

C. **Title VII**

Plaintiff also brings claims under "Title VII" and "EEOC MSA Breach." (Doc. 1-2). Construing her Complaint liberally, Plaintiff seemingly sues Defendants under Title VII for a breach of a settlement agreement reached with the Equal Employment Opportunity Commission

("EEOC"). (*See id.*; Doc. 1-1 at 3). As previously discussed, Plaintiff provides a case number for a Franklin County Court of Common Pleas action, which deals with the same issue as Plaintiff's present Complaint—whether Plaintiff was entitled to the $15,028 amount from her EEOC settlement agreement. (*See* Doc. 1-1 at 3 (citing "Franklin Cty Ct of Common Pleas 22CV007866)). Because Plaintiff's remaining claims directly relate to this state court action, the Court considers Plaintiff's claims with this additional context. *Jones v. DeWine*, No. 2:20-cv-3301, 2021 WL 1056779, at *9 (S.D. Ohio Mar. 19, 2021) (stating that, on an initial screen, federal courts may take judicial notice of proceedings in other courts that have a "direct relation to matters at issue").

In her Complaint, Plaintiff states that Defendants robbed her of a portion of her settlement and "mask[ed] the crime by way of legal expertise." (Doc. 1-1 at 3). Based on these facts and Plaintiff's allegations in her Complaint, the Undersigned construes Plaintiff's claims as a challenge to this state-court decision. But the *Rooker-Feldman* doctrine "bars such a claim in this Court," because "the United States District Court does not have jurisdiction to review state-court judgments—only the United States Supreme Court has that power." *Clemons v. Kasich*, No. 2:18-cv-954, 2018 WL 4334516, at *1–2 (S.D. Ohio Sept. 11, 2018) (citing *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *Gottfried v. Med. Plan. Servs.*, 142 F.3d 326, 330 (6th Cir. 1998)). As such, Plaintiff's claims brought under "Title VII" and "EEOC MSA Breach" should be **DISMISSED.**

D.  **State Law Claims**

Plaintiff's remaining claims—such as conversion, theft, embezzlement, and malpractice—rest in state law. (*See* Doc. 1-2). As such, only diversity jurisdiction under § 1332(a) remains as a possibility for this Court's jurisdiction. *Carter v. Mt. Carmel Hosp. ICU-CCU*, No. 2:12-cv-928,

2012 WL 4848912, at *1 (S.D. Ohio Oct. 11, 2012) ("Federal courts are courts of limited jurisdiction."). Diversity jurisdiction requires that Plaintiff be a citizen of a different state than each defendant and that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1). Here, Plaintiff's Complaint lists Ohio addresses for herself and for Defendants Frondorf and Kristan, so diversity jurisdiction does not exist. (Doc. 1-1 at 1–2). Accordingly, Plaintiff's remaining claims against these defendants should be **DISMISSED.**

This leaves Plaintiff's state law claims against Defendants DeAgazzo and Littler Mendelson PC, whom Plaintiff alleges are residents of New Jersey. (Doc. 1-1 at 2). Therefore, based on Plaintiff's Complaint, diversity jurisdiction exists. Still, these claims fail for a variety of other reasons. First, a malpractice claim under Ohio law requires an attorney-client relationship between the attorney being sued and the plaintiff. *In re Dow*, 132 B.R. 853, 859 (S.D. Ohio 1991). Plaintiff has not alleged that Defendants DeAgazzo and Littler Mendelson PC ever represented her, and consequently, her malpractice claims fail. And Plaintiff's theft, embezzlement and conversion claims, at base, challenge the state court judgment that found Plaintiff was not entitled to the $15,028 portion of the settlement. As previously discussed, the *Rooker-Feldman* doctrine bars this type of action, *Clemons v. Kasich*, 2018 WL 4334516, at *1–2, and Plaintiff's remaining claims should be **DISMISSED.**

### III. CONCLUSION

Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. But for the foregoing reasons, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED**.

6

**Procedure on Objections**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: January 25, 2024                    /s/ Kimberly A. Jolson
                                          KIMBERLY A. JOLSON
                                          UNITED STATES MAGISTRATE JUDGE