**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

APRIL CLARK,

        **Plaintiff,**

                                        **Civil Action 2:23-cv-4205**

**v.**                                 **Chief Judge Algenon L. Marbley**

                                        **Magistrate Judge Kimberly A. Jolson**

LITTLER MENDELSON PC, et al.,

        **Defendants.**

## OPINION AND ORDER

        This matter is before the Court on Plaintiff's Motion to Recuse the Undersigned from this case (Doc. 12).  For the following reasons, the Court **DENIES** Plaintiff's Motion.

## I.    STANDARD

        Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned."[1]  A magistrate judge should also disqualify herself "[w]here [she] has a personal bias or prejudice concerning a party . . . ."  28 U.S.C. § 455(b)(1); *see also* 28 U.S.C. § 144 ("Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein . . . .").  "Motions to recuse under § 455 are to be decided in the first instance by the judicial officer sought to be disqualified."  *Moss v. Fairborn City Sch.*, No. 3:08-CV-00393, 2009 WL 10679470, at *1 (S.D.

---

[1] Plaintiff also cites 29 C.F.R. § 2200.68(a) as one legal ground for recusal here.  (Doc. 12 at 1–2).  But 29 C.F.R. § 2200.68(a) is a federal labor regulation outlining recusal of judges in administrative proceedings.  It is not applicable to the current proceeding.  *See* 29 C.F.R. § 2200.2(a) (applying the regulations to "all proceedings before the [Occupational Safety and Health Review Commission] and its Judges"); *see also Schwarzer v. Shanklin*, No. 4:18CV434, 2023 WL 5250518, at n.1 (E.D. Tex. Aug. 15, 2023) (noting that 29 C.F.R. § 2200.68 is inapplicable in a civil rights case before a federal court).

Ohio Nov. 5, 2009) (citations omitted) (magistrate judge ruling on a motion to recuse).  The standard by which a judge should consider a motion to recuse "is an objective standard, 'ask[ing] what a reasonable person knowing all the relevant facts would think about the impartiality of the judge.'"  *In re Nat'l Prescription Opiate Litig.*, No. 19-3935, 2019 WL 7482137, at *1 (6th Cir. 2019).  "This standard is not based on the subjective view of a party, no matter how strongly that subjective view is held."  *United States v. Nelson*, 922 F.2d 311, 319 (6th Cir. 1990) (citation and internal quotation marks omitted), *cert. denied* 499 U.S. 981 (1991).

## II.    DISCUSSION

Plaintiff seeks recusal "due to bias, prejudice, and partiality questions." (Doc. 12 at 2).  At base, these allegations are about Plaintiff's dissatisfaction with the Undersigned's judicial decisions.  (*See generally id.* (referencing the Undersigned's orders denying Plaintiff electronic filing privileges; report and recommendations screening Plaintiff's complaints; and report and recommendations that the Court deny Plaintiff leave to appeal *in forma pauperis*)).  But Plaintiff's dissatisfaction with adverse rulings is not grounds for recusal.  *See Knapp v. Kinsey*, 232 F.2d 458, 466 (6th Cir. 1956) ("Adverse rulings during the course of the proceedings are not by themselves sufficient to establish bias and prejudice.") (collecting cases); *Moss*, 2009 WL 10679470, at *1 (citation omitted) ("Disagreement about the Court's ruling in a case is not a ground for disqualification or recusal."); *Gresham v. Stewart*, No. 13-10189, 2017 WL 75967, at *1 (E.D. Mich. Jan. 9, 2017) ("It is well-settled that adverse rulings during the course of proceedings are not themselves sufficient to establish bias or prejudice which will disqualify the presiding judge.").  Tellingly, Plaintiff has filed a recusal motion in all her pending cases except the case in which the Undersigned recommended a race discrimination claim proceed past the initial screen.  (*See* Case No. 2:23-cv-4207-ALM-KAJ).

More still, disqualifications for bias "must be predicated upon extrajudicial conduct rather than judicial conduct; and upon a personal bias as distinguished from [a] judicial one, arising out of the judge's background and association and not from the judge's view of the law." *Reed v. Rhodes*, 179 F.3d 453, 468 (6th Cir. 1999) (citation and quotation marks omitted). Plaintiff has not shown the Undersigned's extrajudicial conduct requires recusal here.

Plaintiff also alleges the Undersigned is biased against her because of her race, disability, and economic status, again referencing only the adverse rulings as support. (Doc. 12 at 3). Plaintiff's accusations are false and without merit.

For these reasons, the Undersigned's impartiality is not reasonably in question, nor is there an appearance of impropriety. No reasonable person would find the Undersigned holds a bias or prejudice against Plaintiff.

## III.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Recuse the Undersigned from this case (Doc. 12).

IT IS SO ORDERED.


Date: April 2, 2024              /s/ Kimberly A. Jolson
                                 KIMBERLY A. JOLSON
                                 UNITED STATES MAGISTRATE JUDGE